## JANUARY TERM, 1800.

———

*Dole, Sheriff of Rensselaer,* v. *Moulton and others.*

THIS was an action upon a bond given to the she-riff, conformably to the act passed *April* 5th, 1798, entitled, " An act regulating the liberties of gaols."

The defendants pleaded five pleas ;

1. *Non est factum.*

2. Performance of the condition.

3. That the escape was by casualty, and that there was a return before suit brought.

4. That the penalty is for more than double the amount of the sum for which the prisoner was con-fined, and so not agreeable to the statute.

5. That the condition of the bond is not conforma-ble to the statute.

But the two last pleas were added after demurrer to the second and third pleas, and before default or joinder.

*Henry* for the plaintiff withdrew his demurrer, and now moved that the defendant elect one of the three first pleas and abide by it, for he insisted that the pleas were incompatible. And he moved, at the same time, that the two last pleas be struck out for irregularity.

*Woodworth,* contra. He contended that pleas have been allowed to stand together, though seemingly incompatible ; and cited 2 *Blackst. Reports,* 1093.— And in answer to the last motion he insisted that it was regular to file the two last pleas at the time he did, under the provision contained in the 8th section of the rules of *April* term, 1796,

*Per Curiam.* The rule referred to by the defendant's counsel, that " where there shall be a demur-" rer to a declaration, or to any other pleading, not " being a plea in abatement, the party against whom " the demurrer shall be taken, may, at any time be-" fore the default for not joining in demurrer shall be " entered, *amend the pleading demurred to,*" will never extend to permit the party to *add new pleas :* those pleas must therefore be struck out.

As to the first motion, the plaintiff, after demurrer, comes too late to drive the defendant to an election.

Let the plaintiff take only the effect of his motion in respect to the two last pleas.

### *Vanderwerker* ads. *Cuyler.*

JUDGMENT, as in case of nonsuit, had been entered in a former cause, for not proceeding to trial, and it was now moved by

*Emott,* after plea put in, and notice of trial received, that all proceedings should stay till the plaintiff should pay the costs of the first suit. He cited 2 *Durn.* & *East,* 511.

*Woodworth,* contra. Suits are not to be stayed till former costs are paid, except in ejectment, or where the merits have been tried, or if the suit appears to be vexatious. It has, however, been done in trespass *de bonis asportatis,* and in case of a malicious prosecution. Besides, the defendant, after the plea pleaded, comes too late. He cited in support of his first position, 2 *Blackst. Reports,* 741. 3 *Wilson,* 149. 2 *Burr.* 1026.

*Per Curiam.* The second suit shall be intended to be vexatious, the plaintiffs having voluntarily suffered a nonsuit in the first. The defendant at no time is too late to make this application pending the suit and before trial.

Motion granted.